UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00340 JAK (KKx) | Date | May 3, 2016 |
| Title | The People of the State of California v. Eleazar Duque, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 15)   JS-6

**I.   Introduction**

On December 11, 2015, the State of California ("the People") brought this action in the San Bernardino Superior Court against Eleazar Duque ("Duque") and California New Business Bureau, Inc. ("Business Bureau"), a company Duque owns and manages (collectively, "Defendants"). Complaint, Dkt. 1 (Ex. A). The Complaint alleges that Defendants engaged in unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*. On February 25, 2016, Defendants removed this action claiming federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441. Dkt. 1.

On March 28, 2016, the People moved to remand the action ("Motion"). Dkt. 15. The Motion also seeks an award of the attorney's fees incurred in connection with the Motion. *Id.* at 10. Defendants filed an opposition to the Motion (Dkt. 25), and the People filed a reply. Dkt. 26. The matter was taken under submission at a scheduling conference held on April 11, 2016. Dkt. 21.

For the reasons stated in this Order, the Motion is **GRANTED IN PART**.

**II.   Factual and Procedural Background**

Duque owns and manages Business Bureau, a company that provides services related to real property title searches and business filings in San Bernardino, California. Complaint, Dkt. 1 (Ex. A ¶ 4); Dkt. 25 at 2. In September 2015, the San Bernardino Sheriff's Department cited Defendants for violating County Ordinance 4282 ("Ordinance"). Dkt. 1 ¶ 4; Dkt. 26 at 2. It provides in relevant part: "It shall be unlawful for any person to engage in solicitation on County property, in any manner or for any purpose." Dkt. 1 (Ex. A ¶ 6). The stated purpose of the Ordinance is to prevent unauthorized solicitation that "may obstruct, interfere, or conflict with the use of such property for proper government purposes and may create a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00340 JAK (KKx) | | Date | May 3, 2016 |
|---|---|---|---|---|
| Title | The People of the State of California v. Eleazar Duque, et al. | | | |

health and/or safety hazard within, about, or upon such property." *Id.*

Defendants appealed the issuance of the citation. Dkt. 1 ¶ 4. In a January 26, 2016 administrative citation appeal order, an administrative hearing officer upheld the citations, stating: "The appellant engaged in prohibited solicitation as defined by the ordinance. The ordinance is not unconstitutional in that it clearly restricts, permissibly, commercial speech." Dkt. 1 (Ex. B).

On December 11, 2015, the People brought this action in the San Bernardino Superior Court, asserting the aforementioned claim for violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* Dkt. 1 (Ex. A). The Complaint alleges that Defendants "prey upon the ignorance or vulnerability of persons either unfamiliar with government processes, the disabled, or those whose first language is not English" and "consistently mispresent themselves as San Bernardino County employees." Dkt. 1 (Ex. A at 2). Defendants allegedly do so in order to "misdirect members of the public from the County Recorder's office into Defendants' nearby business office, where attempts are made to charge fees that are higher than legitimate fees charged by the County Recorder." *Id.* The Complaint implies that they do so in connection with filings made on behalf of such persons.

After Defendants failed to answer or otherwise respond to the Complaint, the Superior Court clerk entered their default on January 20, 2015. Request for Judicial Notice ("RJN"), Dkt. 15-2 (Ex. 4). On February 3, 2016, the San Bernardino Superior Court entered default judgment and a permanent injunction against Defendants. *Id.* (Ex. 5).

On February 2, 2016, Defendants filed a motion to set aside the default. After Defendants removed this action on February 25, 2015, the Superior Court action was stayed. A hearing regarding the status of this removal is currently scheduled in the Superior Court for September 6, 2016.[1]

### III.    ANALYSIS

    A.    Legal Standard

An action may be removed when there is federal jurisdiction at the time of the removal. 28 U.S.C. §§ 1331, 1441(a). Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant has the burden of establishing that removal is proper, including that there is federal jurisdiction. *Id.*

    B.    The Positions of the Parties

---

[1] Judicial notice is taken of the docket entries in the Superior Court that provide this information. *See The People of the State of California v. Eleazar Duque*, Case No. CIVDS1518127 (Sup. Ct. Dec. 11, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00340 JAK (KKx) | Date | May 3, 2016 |
|---|---|---|---|
| Title | The People of the State of California v. Eleazar Duque, et al. | | |

The People argue that there is no federal question jurisdiction because the only cause of action advanced in the Complaint arises under California law, *i.e.*, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

Defendants respond that there is federal question jurisdiction because the administrative hearing officer held that the Ordinance was "not unconstitutional." Dkt. 1 (Ex. B). Because the "administrative hearing officer interpreted the ordinance as a First Amendment issue," Defendants argue that "the application of this statute and the necessity of its interpretation establish the existence of a federal question as an essential element of plaintiffs' cause of action, providing the basis for removal." Dkt. 25 at 5. Defendants add that the People "disguised" the federal constitutional claim through artful pleading. Dkt. 25 at 3.

    C.    Application

Pursuant to 28 U.S.C. § 1331, a district court has original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." According to "the well-pleaded complaint rule, a suit arises under federal law for 28 U.S.C. § 1331 purposes only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (internal quotation marks omitted). Thus, the operative analysis calls for an examination of the complaint alone. *See Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1016 (9th Cir. 2011).

The cause of action pleaded in the Complaint does not arise under federal law, but under Cal. Bus. & Prof. Code §§ 17200 *et seq.* The Complaint has no allegations as to any federal statute or constitutional provision. That an administrative hearing officer ruled that the Ordinance was "not unconstitutional" in a separate proceeding does not show that this action arises under federal law. Although the constitutionality of the Ordinance may be raised as an affirmative defense, that does not create federal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (an affirmative defense that arises under federal law is not a basis for federal question jurisdiction in a removed action).

No more persuasive is Defendants' argument that the People have "artfully pleaded" state law claims to omit necessary federal questions. Federal question jurisdiction may arise when a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Id.* (quoting *Franchise Tax Bd. of State of Cal. V. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)). This is a "'special and small category' of cases in which arising under jurisdiction still lies." *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 699 (2006)).

Citing *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189 (9th Cir. 1983), Defendants argue that this action turns on the interpretation of a statute that necessarily raises a question of federal law. In *Schroeder*, employees filed an action in state court alleging that their employer was engaged in unlawful business practices not authorized by the governing collective bargaining agreement. The plaintiffs attempted to frame their action as one that arose under state law. The court considered the substance of the claims and concluded that they arose from a dispute under the collective bargaining agreement that was governed by federal law. *Id.* at 191 ("The Railway Labor Act is applicable to air carriers and terms of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00340 JAK (KKx) | Date | May 3, 2016 |
|---|---|---|---|
| Title | The People of the State of California v. Eleazar Duque, et al. | | |

employment with them. The application of this statute and the necessity of its interpretation establish the existence of a federal question as an essential element of plaintiffs' cause of action, providing the basis for removal.") (citations omitted); s*ee also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998) ("If the plaintiff thus 'artfully pleads' a claim, a court may uphold removal even though no federal question appears on the face of the complaint. The artful pleading doctrine allows removal where federal law completely preempts an asserted state-law claim . . . for a claim of that preempted character is, from its inception, a claim that can arise only under federal, not state, law.").

Defendants have not argued that there is any federal law that clearly preempts the relevant provisions of the operative California statute. Nor could they do so. That an administrative hearing officer determined that § 17200 as applied did not infringe Defendants' rights under the First Amendment does not show that this is one of the "special and small category of cases" in which the federal question need not expressly appear on the face of the Complaint.

   D.  Attorney's Fees

When a motion to remand is granted, a district court has the discretion to award attorney's fees to the moving party. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1aa7(c). Attorney's fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The People seek an award of $1950 in attorney's fees. In support of this request, they submit the declaration of James Secord ("Secord"). He is a Deputy District Attorney in San Bernardino County. In his declaration he states that his hourly rate is $150, which is the amount "charged by the County of San Bernardino." *Id.* ¶ 5. He then states that he spent ten hours on the Motion, including preparing a meet and confer letter, participating in two telephonic conferences with Defendants' counsel and researching and drafting the Motion. *Id.* He adds that he intends to spend three hours in connection with attending a hearing on the Motion. *Id.*[2]

The request for attorney's fees is **DENIED**, without prejudice to its renewal. If Plaintiff elects to renew the fee request, it must present legal authority supporting the proposition that a request for attorney's fees by a public entity may be based on hours worked and an hourly-rate of a public lawyer, where that lawyer apparently does not bill the public client for work in that manner. Any such renewal shall be made by May 11, 2016. If such a renewal is filed, Defendants shall file any response within seven days of the submission of the renewal. The renewal and any response each shall not exceed four pages.

## IV.  CONCLUSION

For the reasons stated in this Order, the Motion is **GRANTED IN PART**. The action is **REMANDED** to the San Bernardino Superior Court at its San Bernardino Courthouse located at 247 West Third Street, San

---

[2] Because this matter has been decided without a hearing, that portion of the claim for fees does not apply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00340 JAK (KKx) | Date | May 3, 2016 |
| Title | The People of the State of California v. Eleazar Duque, et al. | | |

Bernardino, California 92401. However, the Court retains jurisdiction to address any renewed request for an award of attorney's fees.

**IT IS SO ORDERED.**

                                                                                         :

Initials of Preparer   ak